UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP NO NECK, | ) | CR. 04-50143-AWB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner herein filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Docket 128. Respondent has responded to the motion. For the reasons stated below, Petitioner's motion is denied.

**BACKGROUND**

On November 3, 2005, Petitioner was convicted of three counts of abusive sexual contact, and one count of aggravated sexual abuse. On February 6, 2006, this Court sentenced Petitioner to 240 months for the three counts of abusive sexual contact, to run concurrently with the 292 month sentence for aggravated sexual abuse. Petitioner appealed to the Eighth Circuit Court of Appeals, which affirmed his conviction and sentence on January 23, 2007. On February 11, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Docket 124, which was subsequently dismissed without prejudice. Docket 126. On March 31, 2008, Petitioner filed another motion under § 2255, which the Court now considers. Docket 128.

In his motion proper, Petitioner lists three grounds for relief without providing any supporting facts. Those grounds are "Lesser charges should not

have been included[;] Ineffective assistance of counsel & poor investigation[;] Violation of constitutional rights." Docket 128, page 4. With his motion, Petitioner includes several attachments which elaborate further on these claims. See Docket 128-2 (dated March 24, 2008), 128-3 (dated March 10, 2008), 128-4 (dated March 29, 2008). Given Petitioner's pro se status, the Court considers all of these documents as comprising his petition under § 2255, and examines his claims in turn.

## DISCUSSION

### A.  Lesser charges should not have been included

At trial, among the questions submitted to the jury were Petitioner's guilt on three counts of aggravated sexual abuse under 18 U.S.C. § 2241(c), as well as the lesser included crimes of abusive sexual contact under 18 U.S.C. § 2244. On Counts 1-3, he was found guilty of the lesser-included crimes. Docket 85. In his § 2255 motion, without further elaboration, Petitioner asserts that these lesser-included charges should not have been submitted to the jury. See Docket 128, pages 4-5. However, Petitioner's additional documents do not address the specifics of this claim, and Petitioner does not state any facts supporting this ground for relief. Regardless, as the Eighth Circuit Court of Appeals thoroughly addressed this question, the Court can conclude that this claim for relief is barred and must be denied. See United States v. No Neck, 472 F.3d 1048 (8th Cir. 2007).

A petitioner under 28 U.S.C. § 2255 who raise claims identical to claims previously raised unsuccessfully in a direct appeal of his criminal case is barred from relitigating these issues in subsequent habeas proceedings, absent some newly discovered evidence or an intervening change in the law. Bear

2

Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v.
English, 998 F.2d 609, 612-13 (8th Cir. 1993).  The Eighth Circuit thoroughly
reviewed this claim in its review of Petitioner's direct appeal.  No Neck, 472
F.3d at 1054 (citing United States v. Two Bulls, 940 F.2d 380, 381 (8th Cir.
1991) for the proposition that abusive sexual contact is a lesser-included
offense of aggravated sexual abuse).  As Petitioner does not claim that any
newly-discovered evidence or a change in the law warrants reconsideration of
this claim, this claim for relief under § 2255 must be denied.

The Court also notes that part of Petitioner's motion includes references
to the victims' testimony which seems to challenge the sufficiency of the
evidence to support the guilty verdict with regard to the abusive sexual contact
and aggravated sexual abuse charges.  See, e.g. Docket 128-4, page 8
(presenting arguments about the frequency of vaginal rashes in young girls); Id.
at 9 (stating that count 2 should have been dismissed in light of Jesse's vague
testimony). To the extent that Petitioner makes such an argument in this
§ 2255 motion, these too are barred as such challenges have been throughly
examined and rejected by the Eighth Circuit.  No Neck, 472 F.3d at 1052-54.

**B.     Ineffective Assistance of Counsel**

Petitioner's second ground for relief is ineffective assistance of counsel
and "poor investigation," presumably by his attorney.  Docket 128, pages 4-5.
Throughout the attached documents, Petitioner parses his attorney's conduct
to support his claim of ineffective assistance of counsel.  Generally, Petitioner
complains about his attorney's counsel with regard to his own testimony; his
failure to object to various questions; his method of cross-examination; his

failure to subpoena a witness and offer evidence; and his failure to explain the legal processes to Petitioner.[1]

The United States Supreme Court laid out the two-prong test for ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  First, a petitioner must demonstrate that his counsel's conduct "fell below an objective standard of reasonableness" such that counsel did not exhibit the skill and diligence of a reasonable attorney in similar circumstances.  Strickland, 466 U.S. at 694.  Second, petitioner must show that he was prejudiced by his counsel's conduct by demonstrating that there is a reasonable probability that the outcome of the trial would have been different but for counsel's errors.  Id. at 692; see also United States v. Acty, 77 F.3d 1054, 1059 (8th Cir. 1996).   Courts are to grant a strong presumption to decisions by defense counsel that are "reasonable trial strategy,"  and Petitioner has the burden of overcoming this presumption that trial counsel was competent and effective.  English, 998 F.2d at 613 (citing Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), Smith v. Lockhart, 921 F.2d 154, 156 (8th Cir. 1990), and Stacey v. Solem, 801 F.2d 1048, 1051 (8th Cir. 1986)).

---

[1] The Court notes that the Eighth Circuit has stated that courts on habeas review cannot judge the cumulative impact of any errors by an attorney, but must examine each alleged error individually to determine whether that error in isolation justifies relief under § 2255.  Girtman v. Lockhart, 942 F.2d 468, 475 (8th Cir. 1991) (stating that "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own") (citing Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990)).

### 1.  Failure to object during testimony

Petitioner complains about his attorney's failure to object to various testimony, including the following:

    A)    a "confusing" question posed to U.W.H. (Docket 128-2, page 2);

    B)    several questions the Assistant U.S. Attorney to Petitioner regarding his demeanor on the stand (Docket 128-4, page 3);

    C)    a confusing question and unanswered question posed to witness Julia Poor Bear (Docket 128-4, page 5);

    D)    a question posed to Diane Weber regarding J.W.H.'s urinary tract infection, despite the fact that she was not the child's doctor and had no personal knowledge of the infection (Docket 128-4, page 6-7;

    E)    testimony given by Dr. Strong regarding a U.W.H.'s anal scar (Docket 128-4, page 7).

Regarding Petitioner's complaints of his counsel's ineffective assistance in failing to make these objections, the Court finds that none of these examples meet the two-part Strickland test.  First, Defendant has failed to show that such failures to object bring defense counsel's performance below the standard of prevailing professional norms.  Such decisions whether or not to object to testimony are well within the discretion allowed to a defense attorney to adopt the trial strategy he or she believes is best, and Petitioner has given the Court no reason to avoid the general presumption that attorneys provide effective assistance.  Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997) (stating that courts are to "presume attorneys provide effective assistance and [should] not second-guess strategic decisions"); Barnes v. United States, 859 F.2d 607, 608 (8th Cir. 1988) (stating that "[d]irect- and cross-examination techniques are matters of trial strategy left to the discretion of counsel").  Additionally, the

Court finds that any of defense counsel's decisions to not object were not so prejudicial as to constitute ineffective assistance of counsel.  Petitioner has the burden of demonstrating that, but for the alleged errors by defense counsel, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.  These mistakes Petitioner complains of are not sufficiently consequential to affect the jury's verdict, in light of the significant evidence supporting his guilt.  <u>See</u> <u>United States v. Villalpando</u>, 259 F.3d 934, 939 (8th Cir. 2001) (stating that "[p]rejudice is not shown if the evidence is so strong that the outcome of the case could hardly have been other than a verdict of guilty").  For the reasons stated above, the Court holds that Petitioner has failed to demonstrate that his counsel was constitutionally deficient for his failures to object to testimony.

Petitioner also complains of his counsel's failure to object to the continued service of a juror who admitted to the Court that she knew a government witness, therapist Rebecca Funk, because her son was a patient of Funk's.  The Court's review of the record supports Petitioner's allegation that defense counsel did not object to the juror's continued service or otherwise question her when this potential problem was raised.  Trial Transcript, pages 358-59.  However, even if defense counsel's failure to object was deficient, and Petitioner met the first prong of <u>Strickland</u>, such failure to object was not sufficiently prejudicial.  The Court questioned the juror about her ability to remain fair and impartial, and, in light of her assurances that she was able to remain objective in the case, the Court would not have excused her from service regardless of any objections defense counsel could have raised.  Since Petitioner cannot show that

defense counsel's failure to object to the juror's continued service had any effect on the outcome of the case, this claim of Petitioner's is dismissed.

Finally, Petitioner also argues in several places that his counsel failed to "focus on the mismatched testimony between Lori, Jamie, and the two younger children," and that such counsel was therefore constitutionally deficient.  Docket 128-3, page 4, 5.  The Court's review of the trial transcript indicated that defense counsel in his closing argument spent much of the time pointing out conflicting testimony among the Government's witnesses and challenging the credibility of their stories.  Trial Transcript, page 500; 502-03; 504-05, 507-513, 513-14, 515-17.  The Court is unpersuaded by Petitioner that this situation requires it to avoid the "strong presumption" that defense counsel's conduct is within the "wide range of reasonable professional assistance."  United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (citing Strickland, 466 U.S. at 689).  Defense counsel pointed out the differences in the witnesses' stories, and Petitioner fails to demonstrate both that defense counsel's conduct was objectively unreasonable and that his defense was sufficiently prejudiced by any alleged failures.  Therefore, his conduct was not ineffective assistance of counsel.

### 2.  Failure to provide adequate counsel

Petitioner also complains of his attorney's conduct toward him and his family, essentially arguing that he failed to keep Petitioner informed regarding all of the proceedings and failed to properly prepare Petitioner for his testimony.  Regarding the claims that defense counsel failed to adequately explain the proceedings, Petitioner claims that counsel did not "help him clarify what was happening with the investigation," Docket 128-3,

page 1, and that he and his family did not understand what was happening before, during, or after trial, in part because his attorney was difficult to contact.  Id. at 3.  Despite these complaints that he did not know what was going on, however, Petitioner fails to provide any arguments as to how these prejudiced his defense or how he would have proceeded differently given more complete explanation by his attorney.  See Strickland, 466 U.S. at 693 (stating that defendants have an affirmative responsibility to prove prejudice).  Petitioner certainly fails to demonstrate how any alleged deficiencies were so prejudicial as to undermine confidence in the trial's outcome.  Id. at 694.  As Petitioner has merely made general complaints about his attorney without demonstrating any prejudice he suffered from these alleged deficiencies, his petition on these grounds must be denied.

Petitioner also complains that his attorney did not provide sufficient counsel to adequately prepare Petitioner to testify during the trial.  See Docket 128-3, page 1-2, 3-4 (stating that he didn't know "that he didn't have to answer the questions that he felt were self incriminating" and that his counsel never asked him if he wanted to take the stand); Docket 128-4, page 2 (complaining that defense counsel improperly told Petitioner to be nonconfrontational on the stand and failed to tell him he could refuse to answer based on his Fifth Amendment rights).

First, the Court believes that defense counsel's statements to his client that he avoid being combative or argumentative while testifying are well within professional standards, and thus do not bring his conduct below the standard of reasonable competence under Strickland.  Such advice to criminal defendants choosing to testify is sound advice, and is not deficient

in any way.  Second, a defendant who takes the stand in his own defense waives his Fifth Amendment privilege against self-incrimination as to all matters within the scope of his testimony on direct examination.  <u>Brown v. United States</u>, 356 U.S. 148, 156, 78 S. Ct. 622, 2 L. Ed. 2d 589 (1958). Once on the stand Petitioner could not have invoked his Fifth Amendment rights as to those matters within his direct examination.  Therefore, Petitioner cannot complain that his counsel's conduct in preparing him for his testimony was constitutionally deficient for failing to advise him of rights he, in fact, had waived by taking the stand.  Petitioner's claim for relief on these grounds is properly denied.

### 3.  Inadequate investigation and failure to present testimony

Petitioner also makes several specific complaints regarding his attorney's failure to sufficiently investigate witnesses and evidence in order to provide an adequate defense.

First, Petitioner complains that his attorney failed to adequately interview and call as a witness Jonathan Yellow Hawk, who he says lived with the Petitioner's family during the time of the alleged abuse.  Docket 128-3, page 2, 4; Docket 128-4, page 1-2, 8.  Such testimony and "pictures of proof," alleges Petitioner, would have provided evidence that the children were not afraid of their father and that the relationship between Petitioner and his wife could lead to her false accusations against him.  Docket 128-3, page 2; Docket 128-4, page 1-2.

Decisions whether or not to call witnesses are "virtually unchallengeable" decisions of trial strategy.  <u>United States v. Staples</u>, 410 F.3d 484, 489 (8th Cir. 2005) (citations omitted).  Petitioner does not give

the Court sufficient reason to doubt defense counsel's decision not to call
Yellow Hawk as a defense witness, and therefore cannot meet the first prong
of the Strickland test that his counsel fell below an objective standard of
reasonableness.  Additionally, Petitioner also cannot prove that he was
sufficiently prejudiced in order to meet the second Strickland prong.  Even
assuming that Petitioner is accurate in his statements as to what Yellow
Hawk's testimony would be, it is clear that any such testimony would not
significantly undermine the Government's case.  In other words, even if
Yellow Hawk were to testify that Petitioner's children liked being around him
and that Petitioner's wife abused him, the testimony is not so probative
such that the absence of Yellow Hawk's testimony sufficiently undermines
confidence in the guilty verdict.  See Nazarenus v. United States, 69 F.3d
1391, 1393 (8th Cir. 1995) (stating that the benchmark for ineffective
assistance of counsel is whether counsel's conduct "so undermined the
proper functioning of the adversarial process" that the guilty verdict is
suspect).

Petitioner also alleges that his counsel failed to interview and
investigate Yellow Hawk's potential testimony.  A decision whether or not to
interview a potential defense witness "is not a decision related to trial
strategy" and is instead "a decision related to adequate preparation for trial."
Chambers v. Armontrout, 907 F.2d 825, 829 (8th Cir. 1990) (citing
Strcikland, 466 U.S. at 691).  However, even assuming that Petitioner's
claim is correct, and that defense counsel did not investigate Yellow Hawk's
potential testimony despite Petitioner's encouragement that he do so, for the
reasons stated above it is clear that Petitioner fails to meet the second

10

Strickland prong.  The absence of any supposed testimony or evidence
provided by Yellow Hawk is not sufficiently prejudicial to undermine
confidence in the guilty verdict.  Cf. Chambers, 907 F.2d at 828-31 (finding
ineffective assistance of counsel when counsel failed to interview potential
witness who was only individual who could testify that defendant acted in
self defense). Petitioner has not met his burden of demonstrating prejudice
under Strickland for any alleged failure to investigate Yellow Hawk's
potential testimony, and therefore the Court cannot find that any such
failures constituted constitutionally deficient legal representation.

Therefore, as Petitioner has not demonstrated that his counsel's
conduct regarding Yellow Hawk constitutes ineffective assistance of counsel,
his request for relief under § 2255 on this ground must be denied.

Petitioner also makes general allegations that defense counsel's
investigation was inadequate with regard to additional witnesses and to
evidence about Lori Whirlwind Horse's "poor parenting and manipulation of
[Petitioner] and her alleged abuse of [U.W.H.]."  Docket 128-4, page 5; Id. at
2.  Again, Petitioner's general allegations, even read broadly, fail to
demonstrate sufficient prejudice to his case, and the Court is unable to
conclude that additional testimony from more witnesses or testimony about
Lori Whirlwind Horse's conduct could possibly affect the guilty verdict.
Therefore, as Petitioner has failed to meet the requisite Strickland test, his
request for relief on this ground must be denied.

Finally, Petitioner offers up many objections to Jamie Whirlwind Horse's testimony.[2]  Docket 128-4, page 6 (defense counsel failed to introduce into evidence photos that demonstrated that witness was living in the house past 2001 despite her statements under oath that she moved out in 2001); Docket 128-4, page 9-10 (allegations that witness' testimony should not have been allowed because of "her lies"); Docket 128-4, page 10 (defense counsel's failure to object when the Government did not introduce FBI records regarding witness' complaints against Petitioner); Docket 128-4, page 10-11 (defense counsel's failure to object to witness' testimony regarding dates of alleged abuse); Docket 128-4, page 11 (defense counsel's failure to introduce witness' good report cards to counteract allegations that she was abused).  Again, each of these mistakes must be taken individually and the Court is not to look at any cumulative effect.  Girtman v. Lockhart, 942 F.2d 468, 475 (8th Cir. 1991).

Even assuming that Petitioner's allegations are true, he has not shown that his counsel's conduct falls below an objective standard of reasonableness.  Defense counsel is given broad discretion in his decisions regarding trial strategy, including his plan to challenge the credibility of an alleged sexual abuse victim.  See Bruns v. Thalacker, 973 F.2d 625, 630

---

[2] The Court interprets Petitioner's complaint with regard to Jamie Whirlwind Horse's testimony in light of his ineffective assistance of counsel claim.  Any complaints Petitioner has regarding the Court's decisions regarding this witness' testimony should have been properly argued in the direct appeal of the case.  As such claims were not litigated on direct appeal, they are procedurally defaulted.  United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993).

(8th Cir. 1992).  The Court is unpersuaded that any of Petitioner's allegations bring defense counsel's conduct below the Strickland standard of professional competence.  It is equally clear that even if defense counsel had sufficiently demonstrated that Jamie Whirlwind Horse was mistaken as to the dates of the abuse and the dates she lived with Petitioner, that her school grades remained high despite the alleged abuse, and that her testimony conflicted with FBI reports filed regarding the alleged abuse, that there is not a reasonable probability that the result of the trial would have been different.  Strickland, 466 U.S. at 694; see also Alidani v. Dooley, 365 F.3d 635 (8th Cir. 2004).  The testimony of this witness was introduced under Fed. R. Evid. 414 as evidence of similar conduct, and the question of Petitioner's alleged abuse of Jamie Whirlwind Horse was not before the jury. Furthermore, such challenges to her credibility are not so persuasive as to lead this Court to believe that her testimony regarding the sexual abuse was fabricated.  Any failure of defense counsel to introduce this evidence challenging this witness' credibility was not sufficiently prejudicial as to constitute ineffective assistance of counsel, and Petitioner's § 2255 petition on these grounds must be dismissed.

The Court has thoroughly examined each of Petitioner's complaints regarding his attorney's representation, and it concludes that Petitioner has failed to demonstrate that his defense counsel's conduct constituted ineffective assistance of counsel as required under Strickland.  Therefore, Petitioner's request for relief under § 2255 on the ground of ineffective assistance of counsel must be denied.

13

**C.   Violation of Constitutional Rights**

Petitioner also makes a general claim that habeas relief is warranted because of a "violation of constitutional rights." Docket 128, page 4-5. Petitioner fails to explain these allegations, other than statements generally throughout his exhibits that his counsel's deficient conduct violated his Fourteenth Amendment rights, and that he unknowingly relinquished his Fifth Amendment privilege against self-incrimination. This Court has already addressed these arguments above, concluding that defense counsel's representation was not constitutionally deficient and that Petitioner waived his Fifth Amendment privilege against self-incrimination when he took the stand in his own defense. As there was no constitutional violation, habeas relief on these grounds is denied.

Petitioner also makes a brief challenge to the composition of his jury. Docket 128-4, page 1. This challenge under Batson v. Kentucky, was not raised in the direct appeal of this case, and thus is procedurally defaulted. See Batson, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986); Peltier v. United States, 867 F.2d 1125, 1126 (8th Cir. 1989). However, even if Petitioner could demonstrate cause and prejudice so as to avoid the procedural default, he has failed to allege sufficient facts regarding jury selection to permit this Court to make any findings on this question. See Batson, 476 U.S. at  96 (discussing the requirements for a prima facie case of discriminatory jury selection). Therefore, Petitioner's claim for relief on these grounds must be denied.

Petitioner also parses the Eighth Circuit opinion in this case, alleging that two statements by the three-judge panel are false.  Docket 128-4, page 12-19; see also United States v. No Neck, 472 F.3d 1048 (8th Cir. 2007). This Court does not have the authority to review or alter the findings of the Eighth Circuit panel, and any challenges to the Eighth Circuit's conclusions are properly directed to the United States Supreme Court.  See 28 U.S.C. § 1254.  Consequently, the Court cannot address Petitioner's complaints regarding the Eighth Circuit's opinion in his direct appeal of his conviction.

Therefore, no good cause appearing, it is hereby

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is denied.

Dated June 24, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE

15